Case 3:96-cr-01082-H Document 534 Filed 04/04/2008 Page 1 of 9

IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

FILED
APR - 4 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES OF AMERICA, ) Criminal No. 96-cr-1082-H
plaintiff, )
v. )
SERGIO ROSALES, )
defendant, )

08cv 0648-H

MOTION FOR THIS COURT TO MODIFY THE DEFENDANT'S TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. 3582(c)(2) ,BASED ON AMENDMENT (706) AND IN THE ALTERNATIVE CONSIDER THE SUPREME COURT'S RECENT RULING IN KIMBROUGH v. UNITED STATES,20007 U.S. LEXIS 13802(20007).

Comes now,Sergio Rosales,respectfully moves this Honorable Court to modify the defendant's original sentence pursuant to 18 U.S.C. 3582(c)(2) based on Amendment (706) and in the alternative,consider the Supreme Court's ruling in Kimbrough v. United States,20007 U.S. Lexis 13082 (20007), in which could further reduce the defendant's sentencing range.



CR

## STATEMENT OF PROCEDUAL HISTORY

On July 31,1996 petitioner Sergio Rosales was charged in a Supersedoing indictment with Conspiracy to Distribute cocaine base,in violation of Title 21,United States Code,Section 841(a)(1) and 846.

On December 20,1996 to a written plea agreement,petitioner pled guilty to conspiracy to distribute cocaine base as charged in count 1 of the indictment. In the written plea agreement, petitioner admitted to committing each element of the crime. Petitioner also agreed that there was a sufficient factual basis for the plea and, that his sentence would be governed by the United States Guidelines. With regards to the factual basis,petitioner admitted that the government could easily prove the amount of cocaine base attributed to him "was at least 150 grams,but less than 500 grams," and that he "personally distributed at least this amount of cocaine base during the course of the conspiracy." The written plea agreement also contained a joint sentencing reccommendation,including a base offense level of 34,minus three levels for acceptance of responsibility,resulting in a total offense level of 31./

On March 10,1997 the Honorable MARILYN L. HUFF sentenced Mr. Rosales to 180 months in prison,five years of supervised release,and $100. special assessment. In imposing the above sentence,this court found petitioner's base offense level to be 34, minus his acceptance of responsibility points,resulting in a total offense level of 31. Additionally,the court agreed with petitioner that his criminal history was a category V,instead

of VI. The resulting applicable range was a sentence of 168-210 months in prison. The court sentenced petitioner in accordance with the plea agreement to 180 months in custody and five years supervised release. The defendant now moves for a modification to his sentence.

STATEMENT REGARDING JURISDICTION THAT RESTS IN THIS HONORABLE COURT TO ENTERTAIN THE INSTANT MOTION PURSUANT TO 18 U.S.C. 3582(c)(2).

A district court may reduce a defendant's sentence provided by 18 U.S.C. 3582 (c)(2). Under the statue the court has discretion to reduce the term of imprisonment of an already incarcerated defendant,when the defendant's sentencing range that was subsequently lowered by the United States Sentencing Commission, pursuant to 28 U.S.C. 994(o),See: Settembrino v. united States, 125 F. Supp. 2d 511(S.D. Fla.2000)(To determine whether an amendment to the drug tables of the united States Sentencing Guidelines Manual("Guidelines") allow a court to modify a defendant's term of imprisonment,18 U.S.C. 3582(c)(2),and the Guidelines require the court to make two determinations: first, must substitute the amended guideline range for the originally applied guidelines range and determine what sentence it would have imposed when faced with 18 U.S.C. 3582(c)(2) resentencing, a district court may consider grounds for departure "unavailable" to a defendant at the original sentence...the motion is granted); United States v. Bugella,861 F.Supp 77 (M.D. Fla.,1994)(Defendant moved the court to modify his sentence pursuant to 18 U.S.C.

3582(c)(2),the court reduced the defendant's sentence to 120 months imprisonment). Also see United States v. Brown,332 F.3d 1341 (11th cir. 2003)(The judgement of the district court deny-ing the motion for modification of the original sentence was reversed. An appellate court reviews a district court's decision whether to reduce a sentence,pursuant to 18 U.S.C. 3582(c)(2), based on a subsequent change to the Sentencing Guidelines,for abuse of discretion. A district court by definition abuses it discretion,when it makes an error of law); United States v. Mueller,160 F3d. 186. (5th cir 1999)( The court vacated and remanded appellant's sentence.... In making the decision as to whether to reduce a sentence of imprisonment,18 U.S.C. 3582(c) (2) provides for consideration of the factors set forth in 18 U.S.C. 3553(a). Those factors include:the nature and cir-cumstances of the offense and the history and characteristics of the defendant;(2) the need for the sentence imposed to accom-plish certain aims,such as,to reflect the seriousness of the offense,to provide just punishment,to afford adequate deterrance, or to protect the public; (3)the kinds of sentences available;(4) the applicable sentencing rage under the Guidelines;(5) anypert-inent Sentencing Commission policy Statements;(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,and (7) the need to provide restitution to victims).

STATEMENT RELATING TO AMENDMENT ( 706).

The Commission amended the drug quantity table in 2D1.1 so that crack quantities triggering the five-and ten-year mandatory minimums are assigned base offense levels(two levels lower)than

Case 3:96-cr-01082-H Document 534 Filed 04/04/2008 Page 5 of 9

before. The base offense level for those quantities now correspondd to guidelines ranges include rather than exceed the mandatory minimum. The Commission similarly adjusted the drug threshold quantities above, between and below the mandatory minimum threshhold, with the net result being for crack cocaine offenses,base offense levels across the board are two levels lower than they would have been before the amendment. See Amendment 706;U.S.S.G. 2D1.1(20007).

Mr. Sergio Rosales,now seeks to take advantage of the recent amendment to the United States Sentencing Guidelines,which alters the base offense for the crime for which he was convicted. Amendment (706);effective November 1,20007,addresses the much maligned (100-to-one ratio) crack to powder ratio as an interim measure until further legaslative change by Congress. Although the Amendment leaves in place the 100-to one ratio established by statue for the mandatfory minimum,it adjusts the base offense level for crack cocaine offenses not affected by the mandatory minimum. Subsection of the U.S.S.G. 2D1.1(c) have been adjusted accordingly, as reflected in the following chart:

| Quantity Cocaine Base | New Base Offense Level | Old Base Offense |
|---|---|---|
| 4.5kg or more | 38 | 40 |
| 1.5kg to less than 4.5 kg | 36 | 38 |
| 500 g to less than 1.5 | 34 | 36 |
| 150 g to less than 500 g | 32 | 34 |
| 50 g to less than 150 g | 30 | 32 |
| 35 g to less than 50 g | 28 | 30 |
| 20 g to less than 35 g | 26 | 28 |
| 5 g to less than 20 g | 24 | 26 |
| 4 g to less than 5 g | 22 | 24 |

| Quantity Cocaine Base | New Base Offense | Old Base |
|---|---|---|
| 3 g to less than 4 g | 20 | 22 |
| 2 g to less than 4 g | 18 | 20 |
| 1 g to less than 2 g | 16 | 18 |
| 500 mg to less than 1 g | 14 | 16 |
| less than 500 mg | 12 | 14 |

See Amendment 706,U.S.S.G. Appx. C. at 226--30 (Supp.20007) The upshot is that,had this amended version of U.S.S.G. 2D1.1(c) been applicable at the time of the defendant's sentencing his base offense level could have been (two points)lower,resulting in a possible lower sentence.

Defendant seeks to have the amended version of the U.S.S.G. 2D1.1(c) applied to his sentence,and to have his sentence modified accordingly,pursuant to 18 U.S.C. 3582 (c)(2). This statue provides ,in revelant part:

The court may not modify a term of imprisonment once it has been imposed except that...in a case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),upon motion of the defendant or the Director of the BUreau Of Prisons,the court may reduce the term of imprisonment,after considering the factors set forth in section 3553(a) to the extent that they are applicable,if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. 3582(c)(2) (emphasis added);see also,28 U.S.C. 994(u).

Accordingly,the defendant respectfully requests that this Honorable Court apply Amendment (706),and in the alternative,to consider the Kimbrough dec ision,and as shown below,the defendant sentencing range is subject to reduction.

Case 3:96-cr-01082-H Document 534 Filed 04/04/2008 Page 7 of 9

PRELIMINARY STATEMENT REGARDING THE SUPREME COURT'S RECENT DECISION IN KIMBROUGH V. UNITED STATES.,U.S. LEXIS 13082(20007)

The Supreme Court has clearly held in Kimbrough v. United states,20007 U.S. Lexis 13082(20007) that:

1) A district judge must include the guidelines range in the array of factors warranting consideration,but the judge may determine that,in the particular case,a within-guidelines sentence is "greater than necessary" to serve the objective of sentencing, 3553(a). In making that detrermination,the judge may consider the disparity betwen the Guidelines treatment of crack and powder offense......

2) Based on additional research and experience with the 100-to-one ratio differential does not meet the objectives of the Sentencing Reform Act and the 1996 Act. The Commissioin also found the disparity inconsistent with the 1986 Act's goal of punishing major drug traffickers more severely than low-level dealers, and furthermore observed that the differential fosters a lack of confidence in the criminal justice system because of a perception that it promotes an unwarranted divergence based on race.

3) The Commission has several times sought to achieve a reduction in the crack/powder ratio. Congress rejected a 1995 amendment to the Guidelines that would have replaced the 100-to one ratio,but directed the Commission to propose revision of the ratio under the revelant statue and Guidelines. Congress took no action after the Commission's 1997 and 2002 reports reccommended changing the ratio. The Commission's 2007 report again urged Congress to amend the 1996 Act,but the Commission also adopted an

ameliorating change in the Guidelines. The modest amendment,which became effective on November 1,2007,yields sentences for crackk offenses between two and five times longer than sentences for equal amounts of powder. Ther Commission thus noted that it is only a partial remedy to the problems generated by the crack/powder disparity. Under the statue criminalizing the manufacture and distribution of crack cocaine,21 U.S.C. 841,and revelant U.S. Sentencing Guidelines Manual prescription, U.S. Sentencing Guidelines manual 2D1.1,a drug trafficker dealing in crack cocaine is subject to the same sentence as one dealing in 100 times more powder cocaine.

4) Given the Commission's departure from it's empirical approach in formulating the crack Guidelines and its subsequent criticism of the crack/powder disparity,it would not be an abuse of discretion for a court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence "greater than necessary" to achieve 3553's purposes,even in a mine-run case.

Mr Rosales has been incarcerated for over 11 years,nearing twelve years. Its been an ongoing battle for Federal inmates to recieve a lesser burden from the 1986 crack amendment. Based on the arguments contained herein and pertinent changes to the Federal Guidelines,the defendant prays this Court issue an opinion granting him relief in the above matter.

Sergio Rosales #08166-112
United States Pententiary
FCC Victorville
P.O. Box 5500
Adelanto,California,92301

Case 3:96-cr-01082-H Document 534 Filed 04/04/2008 Page 9 of 9

CERTIFICATE OF SERVICE

I Sergio Rosales,hereby certify that I have served a true copy of the following:

MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. 3582(c)(2).